UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDREA CALLEGATI,<br><br>               Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>               Defendant. | CASE NO. 2:16-cv-00669 JLR JRC<br><br>ORDER DENYING MOTION FOR COURT APPOINTED COUNSEL |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976).

*Pro se* plaintiff, ANDREA CALLEGATI, proceeding *in forma pauperis* ("IFP"), moves for court appointed counsel to assist with an appeal of the denial of social security benefits (*see*

Dkt. 13). *See also* 28 U.S.C. § 1915(a)(1). For the reasons discussed herein, the Court DENIES plaintiff's motion for court appointed counsel.

Plaintiff provides the Court with no argument or reason for requesting court appointed counsel and has not indicated that he has made any effort yet to retain an attorney (*see* Dkt. 13, p. 2).

## DISCUSSION

Pursuant to section 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, there is no right to counsel in civil cases, and in this Circuit, district courts may appoint counsel for litigants proceeding IFP only following a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citation omitted); *see* 28 U.S.C. § 1915(e)(1); *but see Kerr v. Christian Care Health Sys.*, 2010 U.S. Dist. LEXIS 27734 at *2-*3 (E.D. Pa. 2010) ("The Third Circuit has rejected that construction of § 1915, holding that 'nothing in [the] clear language [of § 1915] suggests that an appointment is permissible only in some limited set of circumstances") (citations omitted) (collecting cases)). As indicated by the Ninth Circuit:

> "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the [plaintiff] to articulate h[er] claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision."

*Terrell, supra,* 935 F.2d at 1017 (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)) (other citations omitted).

At this time, plaintiff has failed to demonstrate exceptional circumstances justifying appointment of counsel. *See Terrell, supra,* 935 F.2d at 1017. First, without a brief arguing which specific findings or conclusions of the ALJ's decision are being challenged, the Court

cannot say whether or not there is any likelihood of success on the merits. Second, plaintiff's claim is straightforward and relatively well-articulated (*see* Complaint, Dkt. 4).

Plaintiff specifically requests that the Court "overturn SSA's final decision in my favor" (*id.*, p. 4). He also indicates that he incurred a fractured left femur during a motorcycle accident in 2005, and has developed a sleeping disorder, as well as GERD. He contends that his doctor "has verified through documentation submitted to the SSA of [his] inability to work a full-time job, as [he] is incapable of being able to stand, or sit, for longer than 2 hours max" (*id.* at 2). Considering the level of complexity of the legal issues likely involved, the Court concludes that plaintiff has demonstrated an ability to articulate the claim relatively well as a *pro se* litigant (*see id.*).

## CONCLUSION

Because plaintiff has not yet demonstrated a likelihood of success on the merits and has demonstrated an ability to articulate the claim relatively well in light of the complexity of the legal issues involved, the Court does not find that exceptional circumstances exist in this matter herein. *See Terrell, supra,* 935 F.2d at 1017. Therefore, the Court hereby denies plaintiff's motion for court appointed counsel. *See id.* The Court also directs plaintiff to the Court's website, which includes information for *pro se* litigants, such as the *Pro Se* Guide to Filing your Lawsuit in Federal Court, which includes resources for potentially finding an attorney or obtaining legal advice: http://www.wawd.uscourts.gov/pro-se (last visited July 22, 2016). *See also "Where Can You Get Legal Advice?"* located at *Pro Se* Guide, p. 38, http://www.wawd.uscourts.gov/sites/wawd/files/ProSeGuidetoFilingYourLawsuitinFederalCourt.pdf (last visited July 22, 2016).

1     For the reasons stated, the Court **DENIES** plaintiff's motion for court-appointed counsel

2 (Dkt. 13) without prejudice.

3     Dated this 22nd day of July, 2016.

*[signature]*

J. Richard Creatura
United States Magistrate Judge